IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

**AGNES LAVARRA VENEY**
**AKA LAVARRA AGNES VENEY,**       **CHAPTER 13**

        **DEBTOR.**       **CASE NO. 19-34756-KLP**

**NEW REZ LLC DBA SHELLPOINT MORTGAGE SERVICING AS SERVICER FOR U.S. BANK, N.A., AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR MID-STATE TRUST XI,**

        **MOVANT,**

vs.

**AGNES LAVARRA VENEY**
**ANASTASIA JOHNSON, CODEBTOR**
**RODNEY JOHNSON, CODEBTOR**
**and SUZANNE E. WADE, TRUSTEE,**

        **RESPONDENTS.**

### ORDER GRANTING MODIFICATION OF STAY

The Motion of the Movant, New Rez LLC dba Shellpoint Mortgage Servicing as servicer for U.S. Bank, N.A., as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee, for Mid-State Trust XI, to amend the Automatic Stay having been properly served, and upon agreement by Counsel,

It appears that Debtor and the Codebtor is in possession of a certain real property located at **2574 Irvington Road, Weems, VA 22576**, and more particularly described as follows:

> **All of those certain lots, places or parcels of land, together with any improvements thereon and all appurtenances thereunto appertaining, situate, lying and being on the westerly side of Virginia, State Highway Route No. 3, in White Stone Magisterial District, Lancaster County, Virginia, consisting of a total of 1.056 acres shown as Lots 2 and 3 on a certain plat of survey entitled "Lot Location Survey Albert Walter Veney and Agnes L. Veney" dated November 18, 1983, revised July 23, 1984, made by Tomlin, Keyser & Dillard, P.C., Certified Land Surveyors, a copy of which plat is to be recorded herewith as a part hereof, and reference to which is expressly made for a more accurate description. (Plat recorded in Book 286, Page 343-344, public records of Lancaster County, Virginia.)**
> **Together with a perpetual easement of right of way over and**

Johnie R. Muncy, Esquire
Counsel for Movant
Samuel I. White, P.C.
Bar No. 73248
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
(804) 290-4290
File No. 76188

>across Lots 4 and 5 for the purpose of ingress and egress to and from Virginia State Highway Route No. 3 and the property hereby conveyed, together with others having a right thereto.
>
>**Being the same property conveyed to ALBERT WALTER VENEY, and AGNES L. VENEY, husband and wife, by deed from HARRIET V. WRIGHT, widow; NELLIE V. HARDY, and GEORGE HARDY, her husband; AGNES L. RICE, widow, ALBERT WALTER VENEY and AGNES L. VENEY, his wife; WILBERT VENEY and HATTIE VENEY his wife; ROBERT J. COOPER, widower; WILLIE ANN DIGGS and NORMAN DIGGS, her husband; JAMES H. VENEY, divorced; DELOISE V. CARTER and LAURENCE CARTER, her husband; ETHEL BAYLOR and ROBERT BAYLOR, her husband; LEROY VENEY, unmarried; MELVIN E. VENEY, SR., and CAROLINE VERONICA VENEY, his wife; and GILBERT VENEY and OMELIA D. VENEY, his wife, dated March 30th 1988 and recorded in Deed Book 286 Page 334, Lancaster County, Virginia.**

Upon consideration of the foregoing, it is **ORDERED**:

1. Debtor will resume making all future regular monthly installment payments in the amount of $701.41, pending further notice from the mortgage company, as they become due commencing July 5, 2020.

2. Debtor will cure any arrearage currently due to the Movant for the months of February 5, 2020 through June 5, 2020, in the total amount of $1,479.45, which arrears were calculated as follows:

| Number of Payments | From | To | Monthly Payment Amount | Total Payments |
|---|---|---|---|---|
| 5 | 02/05/2020 | 06/05/2020 | $701.41 | $3,507.05 |
| Motion For Relief ± Legal Fees & Cost | | | | $731.00 |
| Payment Received ± 5/1/2020 | | | | ($1,362.83) |
| Payment Received ± 5/29/2020 | | | | ($700.00) |
| Less post-petition partial payments (suspense balance): | | | | ($695.77) |

Total: $1,479.45

    a. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

    b. Payment due on or before July 19, 2020 in the amount of $246.58.

    c. Payment due on or before August 19, 2020 in the amount of $246.58.

    d. Payment due on or before September 19, 2020 in the amount of $246.58.

    e. Payment due on or before November 19, 2020 in the amount of $246.57.

    f. Payment due on or before December 19, 2020 in the amount of $246.57.

     g.     Payment due on or before January 19, 2021 in the amount of $246.57

     h.     All future payments made pursuant to the terms of this Order should be forwarded to the following address until further notice:

> NewRez LLC d/b/a Shellpoint Mortgage Servicing
> PO Box 740039
> Cincinatti, OH 45274-0039

3.     In the event that any payment required by this Order is not received by the Movant within fifteen (15) days after it is due the Movant may mail a Notice of Default to the Debtor by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to the Court, Counsel for Debtor and the Chapter 13 Trustee by first class mail, postage prepaid or by email at the same time as the Notice of Default is mailed to the Debtor.  The Notice of Default will state in simple and plain language:

     a.     That the Debtor is in default in making at least one payment required under this Order;

     b.     The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

     c.     The action necessary to cure the default, including any address to which payments must be mailed;

     d.     That the Debtor or Trustee must take one of the following actions within fourteen (14) days after the date of the mailing of the Notice of Default:

          i.     Cure the default;
          ii.     File an objection with the Court stating that no default exists; or
          iii.     File an objection with the Court stating any other reason why an Order granting relief from the Automatic Stay should not be entered;

     e.     That if the Trustee or Debtor do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the Automatic Stay without further notice to the Debtor; and

     f.     That if the Automatic Stay is terminated, the collateral may be sold at foreclosure.

If the Trustee or Debtor do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that

neither the Trustee nor Debtor have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft Order terminating the Automatic Stay.

If the Trustee or Debtor files an objection to the Notice of Default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this Order with respect to regular monthly installment payments expire one year after the date of entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this Order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until the automatic stay is terminated, Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in the incorrect amount. Should Movant, at its option, accept a non-timely payment, it shall be without prejudice and shall not constitute a waiver of any default or of any of its rights pursuant to any other provisions contained within this Order.

6. The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and additional attorney's fees not to exceed $100.00, for issuance of a Certificate of Default and preparation of an Order Terminating the Automatic Stay.

8. In the event of a default which results in the granting of relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

9. Relief is granted as to Albert Veney, Sr, Anastasia Johnson, Rodney Johnson, the Codebtor, from the automatic stay imposed by §1301(a) to the same extent and on the same terms and conditions as granted as to the Debtor.

DATED:   Jul 19 2020

/s/ Keith L Phillips
_____

UNITED STATES BANKRUPTCY JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

Jul 21 2020

I ask for this:

By: **/s/JOHNIE R. MUNCY**

Johnie R. Muncy, Esquire, Bar No. 73248
Nisha R. Patel, Esquire, Bar No. 83302
Samuel I. White, P.C.
1804 Staples Mill Road
Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298
jmuncy@siwpc.com
Counsel for New Rez LLC dba Shellpoint Mortgage Servicing as servicer for U.S. Bank, N.A., as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee, for Mid-State Trust XI

Seen and Agreed:

**/s/Michael D. Thomas**

Michael D. Thomas
Counsel for Debtor
122 East Pembroke Avenue
Hampton, VA 23669


**/s/Suzanne E. Wade**

Suzanne E. Wade
Chapter 13 Trustee
7202 Glen Forest Drive, Suite 202
Richmond, VA 23218-1780
19-34756-KLP

CERTIFICATE OF SERVICE

I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions and that it has been endorsed by all necessary parties involved in this proceeding.

By: **/s/JOHNIE R. MUNCY**
Johnie R. Muncy, Esquire
Samuel I. White, P.C.

The Clerk shall mail a copy of the entered Order to the following:

Suzanne E. Wade
Chapter 13 Trustee
7202 Glen Forest Drive, Suite 202
Richmond, VA 23218-1780

Michael D. Thomas
Counsel for Debtor
122 East Pembroke Avenue
Hampton, VA 23669

Agnes Lavarra Veney
Debtor
PO Box 45
Weems, VA 22576

Albert Veney, Sr, Anastasia Johnson, and Rodney Johnson
Codebtor
2574 Irvington Road
Weems, VA 22576